# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL FAUSETT,<br><br>   Plaintiff,<br><br>vs.<br><br>REGISTERED NURSE LEBLANC, et al.,<br><br>   Defendants. | 2:08-CV-1724-RLH-VPC<br><br><br>ORDER |

  Michael Fausett ("plaintiff") is a state prisoner proceeding *pro se*. Plaintiff initiated this action on July 25, 2008, seeking relief pursuant to 42 U.S.C. § 1983 (#1). Plaintiff requested authority pursuant to 28 U.S. § 1915 to proceed in forma pauperis (#2). In his complaint, plaintiff names as defendants Registered Nurse LeBlanc, Registered Nurse Cooper, Registered Nurse Kelly Martinez, Dr. Nale Boru, Dr. Galloway, Dr. Naseer, and John Does I-XX, all employed by the California Department of Corrections and Corrections ("CDCR") in the Mule Creek State Prison Medical Department ("Mule Creek") (#1).

  Plaintiff alleges that while he was incarcerated at Mule Creek, he underwent surgery on his lower back at the University of California Davis Medical Center. *Id*. Ten days after the surgery, plaintiff was transferred back to Mule Creek. Plaintiff's treating physician from Davis Medical Center, Dr. Jean Paul Muezelaar, prescribed specific post-operative care, including follow-up appointments, pain medication, and physical therapy. *Id*. Plaintiff was also given a "Duragesic Pain Patch" to help control his "severe pain." *Id*. Plaintiff alleges that defendants ignored all of Dr. Muezelaar's post-operative orders and cancelled at least one of plaintiff's follow-up appointments. *Id*. Defendants also assigned plaintiff a job in the culinary, which required plaintiff to twist, bend, and walk, against Dr. Muezelaar's orders, and which caused plaintiff severe pain. *Id*. p. 5. Defendants also failed to provide plaintiff with a wheelchair,

1  crutches, or cane, exacerbating his pain and symptoms. *Id*. Plaintiff claims that he has suffered
2  from severe lower back pain, leg numbness, and urinary problems since July 2007. *Id*. Plaintiff's
3  leg numbness caused him to fall on several occasions, resulting in further injury. *Id*. Defendants
4  refused to provide any post-operative care to plaintiff, refused to treat plaintiff for any of his
5  medical problems, and ignored plaintiff's continuous complaints. *Id*. Due to this lack of
6  treatment, plaintiff's surgery to fuse his back has not been successful, causing wide spacing
7  between his L4 and L5 vertebrae. Further, plaintiff has continued to suffer severe pain, numbness
8  in his legs, and urinary problems. *Id*. p. 6.

9        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. §
10  1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

11        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§
12  1914(a), 1915(b)(1). An initial filing fee of $9.45 will be assessed by this order. 28 U.S.C. §
13  1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial
14  filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter,
15  plaintiff will be obligated for monthly payments of twenty percent of the preceding month's
16  income credited to plaintiff's prison trust account. These payments will be forwarded to the
17  appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds
18  $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

19        The court is required to screen complaints brought by prisoners seeking relief against a
20  governmental entity or officer or employee of a governmental entity 28 U.S.C. § 1915A(a). The
21  court must dismiss the complaint if the claims contained in it, even when read broadly, are legally
22  frivolous, malicious, fail to state a claim upon which relief may be granted, or seek money
23  damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). A
24  claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Nietzke v.*
25  *Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where
26  it is based on an indisputably meritless legal theory or where the factual contentions are clearly
27  baseless. *Id*. at 327. The critical inquiry is whether a constitutional claim, however inartfully
28

1 pleaded, has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th
2 Cir. 1989).

3   A complaint must contain more than a "formulaic recitation of the elements of a cause of
4 action;" it must contain factual allegations sufficient to "raise a right to relief above the
5 speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).
6 "The pleading must contain something more...than...a statement of facts that merely creates a
7 suspicion [of] a legally cognizable right of action." *Id*. In reviewing a complaint under this
8 standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg.*
9 *Co. v. Rex Hospital Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most
10 favorable to plaintiff and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395
11 U.S. 411, 421 (1969).

12   To sustain an action under section 1983, a plaintiff must show (1) that the conduct
13 complained of was committed by a person acting under color of state law; and (2) that the conduct
14 deprived the plaintiff of a federal constitutional or statutory right." *Hydrick v. Hunter*, 466 F.3d
15 676, 689 (9th Cir. 2006).

16   A prison official violates the Eighth Amendment when he acts with "'deliberate
17 indifference' to a substantial risk of serious harm to an inmate." *Farmer v. Brennan*, 511 U.S.
18 825, 828 (1994). To establish an Eighth Amendment violation, a plaintiff's case must satisfy an
19 objective standard – that the deprivation was serious enough to amount to cruel and unusual
20 punishment, and a subjective standard – deliberate indifference. *Id*. at 834; *see also Wilson v.*
21 *Seiter*, 501 U.S. 294, 297-304 (1991).

22   The objective standard, a "serious medical need," is met if the failure to treat a prisoner's
23 condition could result in further significant injury or the "unnecessary and wanton infliction of
24 pain." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). The Ninth Circuit's examples of serious
25 medical needs include "the existence of an injury that a reasonable doctor or patient would find
26 important and worthy of comment or treatment; the presence of a medical condition that
27 significantly affects an individual's daily activities; or the existence of chronic and substantial
28

1   pain." *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) (citations omitted).

2      The subjective standard of deliberate indifference requires "'more than ordinary lack of
3   due care for the prisoner's interests or safety.'" *Farmer*, 511 U.S. at 835, *quoting Whitley v.
4   Albers*, 475 U.S. 312, 319 (1986). The requisite state of mind lies "somewhere between the poles
5   of negligence at one end and purpose or knowledge at the other." *Id.* at 836. It is the equivalent
6   of recklessly disregarding a substantial risk of serious harm to the inmate. *Id.* To prove deliberate
7   indifference, plaintiff must demonstrate that prison staff denied, delayed, or intentionally
8   interfered with medical treatment or that the way prison staff provided medical care indicates
9   deliberate indifference, and that plaintiff sustained damages as a result of such conduct.
10  *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988). Prison medical staff do not
11  violate the Eighth Amendment simply because their opinion concerning medical treatment
12  conflicts with the opinion of the inmate-patient. *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th
13  Cir. 1981).

14     Plaintiff's allegations are sufficient to survive screening. Plaintiff has alleged that he
15  suffers from a serious back condition, which required surgery and causes pain, numbness, and
16  urinary symptoms. Plaintiff has also alleged that despite direct orders from Dr. Muezelaar at
17  Davis Medical Center, and plaintiff's continuous complaints of severe pain, defendants denied
18  plaintiff post-operative treatment. This lack of treatment caused plaintiff's back surgery to fail,
19  which led to increased spacing in plaintiff's vertebrae. It also caused plaintiff to suffer severe
20  lower back pain, leg numbness, which led to falls and further injury, and urinary problems. The
21  court must accept all of plaintiff's allegations as true. As plaintiff claims that defendants
22  deliberately failed to provide medical treatment despite his repeated complaints of pain, plaintiff's
23  allegations are sufficient to "raise a right to relief above the speculative level."

24     Accordingly, **IT IS HEREBY ORDERED** that:

25     1. Plaintiff's July 25, 2008 application to proceed in forma pauperis is granted.

26     2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

27     Plaintiff is assessed an initial partial filing fee of $9.45. All fees shall be collected and
28  paid in accordance with this court's order to the Director of the California Department of

1  Corrections and Rehabilitation filed concurrently herewith.

2      3. Service of the complaint is appropriate for all defendants.

3      4. The Clerk of the Court shall send plaintiff 6 USM-285 forms, one summons, an
4  instruction sheet and a copy of the complaint filed July 25, 2008.

5      5. Within thirty days from the date of this order, plaintiff shall complete the attached
6  Notice of Submission of Documents and submit all of the following documents to the court at the
7  same time:

8          a. The completed, signed Notice of Submission of Documents;

9          b. One completed summons;

10         c. One completed USM-285 form for each defendant; and

11         d. Six copies of the endorsed complaint filed July 25, 2008.

12     6. Plaintiff shall not attempt to effect service of the complaint on defendants or request
13 a waiver of service of summons from any defendant. Upon receipt of the above-described
14 documents, the court will direct the United States Marshal to serve the above-named defendants
15 pursuant to Federal Rule of Civil Procedure 4 without payment of costs

16 **IT IS SO ORDERED.**

17 **DATED:** June 29, 2009

18

19 _____
20     **UNITED STATES MAGISTRATE JUDGE**

|   |   |
|---|---|
| 1 |   |
| 2 |   |

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL FAUSETT

    Plaintiff,

    vs.

REGISTERED NURSE LEBLANC, et al.,

    Defendants.
_____/

No. 2:08-CV-1724-RLH-VPC

<u>NOTICE OF SUBMISSION</u>
<u>OF DOCUMENTS</u>

    Plaintiff hereby submits the following documents in compliance with the court's order filed _____:

    ____ completed summons form

    ____ completed USM-285 forms

    ____ copies of the _____
                            Complaint/Amended Complaint

DATED:

                                      _____
                                      Plaintiff