# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL FAUSETT, | 2:08-CV-1724-RLH (VPC) |
| Plaintiffs, | |
| vs. | **ORDER** |
| NURSE LeBLANC, et al., | |
| Defendants. | |

On August 26, 2010, this court held a case management conference in this proceeding and entered an order concerning plaintiff's requests to propound deposition questions to certain witnesses (#75). The court ordered plaintiff to provide defendants' counsel with written depositions questions by August 30, 2010, for Officer Mosqueda, Dr. Gia-Evita Lanzano, Dr. Michael Henry, and Mr. Esposito. *Id.* The court outlined in detail the protocol for service of the deposition questions on these individuals and enlisted the assistance of defendants' counsel to accomplish this final phase of discovery. *Id.* The court denied plaintiff's request to propound written deposition questions on Dr. John Paul Muizelaar unless plaintiff was able to pay for the cost of service of process himself. *Id.*

On September 13, 2010, defendants' counsel filed a request to be relieved of obligation to serve plaintiff's written deposition questions, as she had received nothing from plaintiff to date (#76). In addition, defendants' counsel reported to the court that Dr. Michael Henry is not an employee of CDCR and, therefore, the litigation coordinator cannot accept service on his behalf. *Id.*

Plaintiff then filed a motion to have the court mail additional subpoenas for Dr. Henry and Dr. Muizelaar and charactered them as his "expert witnesses," which they are not (#77). The court earlier advised plaintiff that he would have to pay the cost for service of subpoenas on Dr. Muizelaar, and the same is true for Dr. Henry. The court will not order the issuance of these subpoenas because plaintiff offers no evidence that he can pay these costs; therefore, plaintiff's motion (#77) is denied.

Plaintiff next filed an objection against this court sending his witness questions to opposing counsel (#78), and defendants objected (#79). Plaintiff's motion makes no sense, and it is unclear whether plaintiff is asking that none of these witnesses be served with written deposition questions unless all five are served, even though the court will not require defendants to accept service for individuals who are not CDCR employees. The court has extended plaintiff every reasonable means to complete discovery of the three CDCR employees, and defendants' counsel has been most cooperative in this effort.

It is time fore discovery to end. Based upon the foregoing, and for good cause appearing,

IT IS HEREBY ORDERED AS FOLLOWS:

1. Defendants' request to be relieved of her obligation to serve written deposition question and subpoenas (#76) is GRANTED IN PART AND DENIED IN PART.

   As to Dr. Lanzano, Mr. Esposito, and Officer Mosqueda, defendants' counsel shall arrange service on these CDCR employees with the deposition questions and subpoenas as earlier ordered, if this has not already been effectuated as noted in defendants' objection (#79). Defendants shall not be required to serve deposition questions on Dr. Henry and Dr. Muizelaar.

2. Plaintiff's motion for additional subpoenas (#77) is DENIED.

3. Plaintiff's objection against this court sending his witness questions to opposing counsel (#78) is OVERRULED.

4. No later than September 30, 2010, defendants' counsel shall file an affidavit of service to confirm that Dr. Lanzano. Mr. Esposito, and Officer Mosqueda have been properly served.

///
///
///

2

5. As earlier ordered at the August 26, 2010 hearing, those individuals served with written deposition questions shall have thirty days from the date of service to respond. The deadline to file dispositive motions shall be thirty (30) days thereafter.

**There will be no further extensions of this order.**

IT IS SO ORDERED.

DATED: September 24, 2010.

_____
UNITED STATES MAGISTRATE JUDGE

3