# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

\* \* \*

| | |
|---|---|
| MICHAEL FAUSETT, | Case No.: 2:08-cv-01724-RLH-VPC |
| Plaintiff, | **O R D E R** |
| vs. | (Motion for Summary Judgment–#101; Motion for Summary Judgment–#109; Motion for Summary Judgment–#110; Motion for Summary Judgment–#111) |
| LEBLANC, *et al*., | |
| Defendants. | |

Before the Court is Defendants LeBlanc, Nale, Martinez, Galloway, and Naseer's **Motion for Summary Judgment** (#101, filed Dec. 20, 2010). The Court has also considered Plaintiff Michael Fausett's Opposition (#122, filed Feb. 15, 2011), and Defendants' Reply (#128, filed Feb. 22, 2011).

Also before the Court is Plaintiff Fausett's **Motion for Summary Judgment** (#109, filed Dec. 22, 2010) against Defendant LeBlanc. The Court has also considered Defendant Leblanc's Opposition (#120, filed Feb. 14, 2011), and Fausett's Reply (#133, filed Mar. 17, 2011).

Also before the Court is Plaintiff Fausett's **Motion for Summary Judgement** (#110, filed Dec. 22, 2010) against Defendant Nale. The Court has also considered Defendant Nale's Opposition (#118, filed Feb. 10, 2011). Fausett did not reply.

1

Finally, before the Court is Fausett's **Motion for Summary Judgment** (#111, filed Dec. 22, 2010) against Defendant Martinez. The Court has also considered Defendant Martinez's Opposition (#119, filed Feb. 14, 2011), and Fausett's Reply (#133, filed Mar. 17, 2011).

## BACKGROUND

Plaintiff Michael Fausett is a prison inmate at Mule Creek State Prison ("MCSP") in Ione, California. Defendants LeBlanc and Martinez are registered nurses at MCSP and Defendants Nale, Galloway, and Naseer are doctors at MCSP. In late 2006, an MRI of Fausett's lower back showed severe degenerative disk disease between the fourth and fifth lumbar vertebrae. Accordingly, on July 10, 2007, Fausett was transported to the University of California Davis for posterior lumbar interbody fusion surgery, a procedure whereby the disc between the vertebrae is removed and bone morrow is inserted in its place to cause the two vertebrae to fuse together. Following surgery, Fausett began to recuperate at U.C. Davis until he was deemed stable to be discharged back to prison. On July 20, therefore, Fausett returned to MCSP. Upon discharge, Dr. J. Paul Muizelaar, Fausett's attending physician at U.C. Davis, ordered certain activity restrictions, including no heavy lifting or strenuous activity, as well as certain pain medications. Each of the Defendants were, in some way or another, involved with Fausett's post-surgical treatment after he returned to MCSP.

On July 25, 2008, Fausett filed suit under 42 U.S.C. § 1983, alleging Defendants were deliberately indifferent to his post-surgical medical needs in violation of the Eighth and Fourteenth Amendments to the United States Constitution. Specifically, Fausett claims that Defendants have caused him physical and emotional harm by ignoring Dr. Muizelaar's orders and by continuously failing to attend to his ongoing medical needs. In December 2010, Defendants filed a motion for summary judgment, which Fausett followed with three motions for summary judgment of his own against Defendants LeBlanc, Nale, and Martinez. For the reasons discussed below, the Court grants Defendants' motion and denies Fausett's motions.

///

**DISCUSSION**

I.   **Summary Judgment Standard**

The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court. *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is "genuine" only if there is a sufficient evidentiary basis on which a reasonable fact finder could find for the nonmovant, and a dispute is "material" only if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986); *Matsushita Elec. Ind. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986). The movant has the burden of showing the absence of a genuine dispute, and the court must view all facts and draw all inferences in the light most favorable to the nonmovant. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982), *cert. denied*, 460 U.S. 1085 (1983).

Once the movant satisfies the requirements of Rule 56, the burden shifts to the nonmovant to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256; *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The non-moving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosp., Inc.*, 929 F.2d 1404 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.

II.  **Defendants' Motion for Summary Judgment**

Under the Eighth Amendment, a prisoner has the right to be free from "cruel and unusual punishments." Deliberate indifference to a prisoner's serious medical needs constitutes a violation of this constitutional guarantee. "In the Ninth Circuit, the test for deliberate indifference consists of two parts." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). First, the prisoner

must show that he faced a serious medical need. *Id*. In order to satisfy this first part, the prisoner must demonstrate that failure to treat his medical need could result in "further significant injury or the unnecessary and wanton infliction of pain." *Id*. Second, the prisoner must show that the defendant was deliberately indifferent to that medical need. *Id*. In order to satisfy the second part, the prisoner must demonstrate that the defendant knew of his serious medical need and purposefully disregarded it. *Id*. Mere negligence or medical malpractice in treating a medical condition does not violate the Eighth Amendment. *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980). Finally, a mere difference of medical opinion between a prisoner and the defendant is insufficient to establish deliberate indifference. *Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004).

      Fausett alleges that Defendants were deliberately indifferent to his medical needs by ignoring Dr. Muizelaar's post-surgical orders as demonstrated by the following: removing Fausett's pain patch (a strong prescription pain medication in the form of a patch that is applied to the skin) when he returned to MCSP after his surgery; refusing to provide Fausett with certain types of pain medication and physical therapy; cancelling Fausett's follow-up appointments (apparently with Dr. Muizelaar); ignoring Fausett's activity restrictions; and failing to provide Fausett with a wheelchair or crutches.

      However, Defendants were not deliberately indifferent to Fausett's medical needs even though the evidence provided shows that they did not follow Dr. Muizelaar's post-surgical orders with exactness,. For example, it is true that Defendants did not provide Fausett with the type of pain medication that Dr. Muizelaar prescribed. But the evidence also shows that Defendants did provide Fausett with other pain medications. Additionally, Defendants have provided evidence showing that Fausett's other allegations fail as a matter of law. To illustrate, Dr. Muizelaar's pain patch prescription indicates that Fausett was only to wear the patch from 2:00 p.m. to 5:45 p.m. on July 20, 2007, while he was traveling from U.C. Davis to MCSP. Thus, when Fausett arrived at MCSP the Defendants simply followed Dr. Muizelaar's orders and removed the

patch. Furthermore, Fausett has provided no evidence—aside from his own claims and personal opinion—that his condition required a wheelchair or crutches and, to the contrary, the evidence produced demonstrates that Fausett was able to ambulate without a walker while still at U.C. Davis. Therefore, Defendants have met their burden of establishing that they were not deliberately indifferent to Fausett's medical needs with respect to Fausett's post-surgical treatment.

Fausett also alleges that Defendants were deliberately indifferent by not adequately addressing his continued medical needs. Specifically, Fausett argues that he consistently complained to Defendants about his back pain, numbness in his legs, and urinary problems. However, as discussed above, the evidence provided by Defendants shows that they were responsive to his complaints and prescribed medications accordingly, in addition to providing him with a lower bunk and extra lunches for two months. Therefore, Defendants have also met their burden of establishing that they were not deliberately indifferent to Fausett's continued medical needs.

Furthermore, Fausett has provided insufficient evidence to show that there is a genuine dispute for trial. Fausett's evidence certainly shows, as mentioned above, that Defendants did not follow Dr. Muizelaar's post-surgical orders with exactness. However, noticeably lacking is evidence that the Defendants course of treatment went beyond negligence or even medical malpractice and was medically unacceptable. *Chung*, 391 F.3d at 1058 (holding that physician is not deliberately indifferent unless prisoner shows that course of treatment was medically unacceptable under the circumstances). For example, Fausett has not provided an affidavit or other statement from a physician stating that his treatment was medically unacceptable. The mere fact that Fausett disagrees with the course of treatment he received is insufficient to show deliberate indifference. *Id*. Therefore, viewing all facts and drawing all inferences in the light most favorable to Fausett, the Court finds that there is an insufficient evidentiary basis on which a reasonable fact finder could find for Fausett. As such, there is not a genuine dispute of material fact for trial and the Court grants Defendants' motion for summary judgment.

### III. Fausett's Motions for Summary Judgment

Because the Court has granted Defendants' motion for summary judgment, it need not analyze Fausett's motions for summary judgment against Defendants LeBlanc, Nale, and Martinez. Accordingly, the Court denies Fausett's motions.

### IV. Supplemental Jurisdiction

In his complaint, Fausett asks the Court to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367. However, Fausett's only claim is one for deliberate indifference. Construing the complaint extremely broadly, it is possible for the Court to surmise that Fausett intended to assert a claim for intentional infliction of emotional distress. However, the facts alleged fail to state such a claim as a matter of law. Therefore, if Fausett did intend to assert a claim for intentional infliction of emotional distress it must be dismissed along with his deliberate indifference claim.

### CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Defendants' Motion for Summary Judgment (#101) is GRANTED.

IT IS FURTHER ORDERED that Fausett's Motions for Summary Judgment (##109, 110, 111) are DENIED.

The Clerk of Court is instructed to close the case.

Dated: April 12, 2011

_____
ROGER L. HUNT
Chief United States District Judge